UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION; CATHERINE SANCHEY WOLFSBERGER,<br><br>        Plaintiffs,<br><br>  -vs-<br><br>UNITED STATES OF AMERICA; P. LYNN SCARLETT, Acting Secretary of the Interior; MICHAEL D. OLSEN, Acting Principal Deputy Assistant Secretary, Indian Affairs; WILLIAM PATRICK RAGSDALE, Director, Bureau of Indian Affairs; STANLEY SPEAKS, Northwest Regional Director, Bureau of Indian Affairs; PIERCE HARRISON, Administrator, Wapato Irrigation Project; U.S. DEPARTMENT OF THE INTERIOR; BUREAU OF INDIAN AFFAIRS; WAPATO IRRIGATION PROJECT,<br><br>        Defendants. | NO.  CV-06-3032-LRS<br><br>ORDER OF DISMISSAL |

Before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Ct. Rec. 12), filed October 18, 2006, and noted without oral argument.

## I. BACKGROUND

Plaintiffs Yakama Nation ("YN") and one enrolled member, Catherine Sanchey Wolfsberger (collectively "Plaintiffs") seek to enjoin Defendants from imposing fees for the operation and maintenance

ORDER OF DISMISSAL - 1

("O&M") of the Wapato Irrigation Project ("WIP") upon the YN whose land allegedly does not generate adequate funds to pay for the O&M charges.  Additionally, Plaintiffs seek declaratory relief that the regulations at 25 C.F.R. Part 171 and the  July 11, 1960 BIA Memorandum ("1960 Memorandum")[1] authorizing O&M assessments are invalid as "a matter of law."  Complaint at 2.  Plaintiffs assert jurisdiction pursuant to 28 U.S.C. ¶¶ 1331, 1361, 2201, 2202 and the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706.

Under the Act of August 1, 1914, 38 Stat. 582 Congress provided that the Secretary of the Interior may set maintenance charges which shall be paid as he may direct, such payments to be available for use in maintaining the particular irrigation project or system for which payment is collected.  YN and individual Yakama land owners, owning property encompasses by the WIP were assessed for O&M charges beginning in the mid-1980s.  Complaint at 6-7.  In March and July of 2000, the WIP Administrator sent two sets of O&M assessments to Plaintiffs.  March assessments were for the 2000 irrigation season and July assessments were those still owing for certain pre-2000 irrigation seasons.  Id. at 8.

Plaintiff YN filed assessment appeals pursuant to 25 C.F.R. Pt. 2 to the BIA Northwest Regional Director ("Regional Director")

---

[1] This is the 1960 Memorandum prepared by the Assistant Commissioner for Indian Affairs to the BIA Area Directors of Billings, Gallup, Phoenix, Portland, and Sacramento which classified Indian irrigation projects into one of five categories for purposes of requesting O&M funding under available appropriations.

ORDER OF DISMISSAL - 2

concerning both the 2000 and pre-2000 assessments. *Id.* On March 12, 2001, the Regional Director issued a decision addressing a number of the issues raised by Plaintiffs but noting that he did not have jurisdiction to address Plaintiffs' claims as to the validity of 25 C.F.R. Part 171 and the 1960 Memorandum described in footnote number 1 above. *Id.* at 9.

A series of stays were requested by the parties and granted by the Interior Board of Indian Appeals ("IBIA") to facilitate settlement discussions. Those discussions failing, the YN filed its opening brief to the IBIA. Three weeks later, April 5, 2006, Plaintiffs YN and Ms. Wolfsberger filed this action. On July 12, 2006 the IBIA vacated the Regional Director's March 12, 2001 Decision and remanded the matter to him for further consideration and issuance of a new decision. See "Order Vacation Decision and Remanding," attached to Ct. Rec. 14. The remand order was based on the Regional Director's request to vacate his decision and remand the matter for a new decision. To date, the Regional Director has not issued his new decision.

## II.   DISCUSSION

A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction
Standards

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss an action if the court lacks jurisdiction over the subject matter of the suit. Fed.R.Civ.P. 12(b)(1). The party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). A complaint will be dismissed under Rule 12(b)(1) for lack of

ORDER OF DISMISSAL - 3

subject matter jurisdiction if (1) the cause does not "arise under" any federal law or the United States Constitution, (2) there is no cause or controversy within the meaning of that constitutional term, or (3) the cause is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962).

Similarly, Rule 12(h)(3) provides, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Although the defendants are the movants, the party invoking the federal jurisdiction, the plaintiffs here, have the burden of showing that jurisdiction is proper. *Thornhill Publishing Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730 (9th Cir.1979). The court presumes a lack of jurisdiction until the party asserting jurisdiction proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994).

An action can be brought by a party against the United States only to the extent that the Federal Government waives its sovereign immunity. See *Blackburn v. United States*, 100 F.3d 1426, 1429 (9th Cir.1996). Where there is no waiver of sovereign immunity, it is appropriate for the Court to dismiss an action for lack of subject matter jurisdiction. *Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir.1985).

B.  Defendants' Arguments

First, Defendants argue that the court should dismiss Plaintiffs' complaint for lack of subject matter jurisdiction because Congress has not waived Defendants' sovereign immunity for the claims asserted.

Ct. Rec. 14 at 7. Defendants argue that the Declaratory Judgment Act does not waive the federal government's sovereign immunity nor does it constitute an independent basis for jurisdiction. Id. at 8.

Second, Defendants argue that there is no final agency action to review under the APA. Id. at 9. Citing *Califano v. Sanders*, 430 U.S. 99, 105-07 (1977), Defendants assert the APA does not create an independent basis of jurisdiction. In support of this argument, Defendants indicate that Plaintiffs are currently prosecuting administrative appeals pursuant to 25 C.F.R. Pt. 2. Within weeks of taking affirmative steps to prosecute its administrative appeal, Plaintiffs commenced the instant action. Id. at 10.

Third, Defendants argue that Plaintiffs' claims are not ripe for several reasons. These reasons are: a) since the original administrative appeal decision has been vacated, it is possible that the relief sought by Plaintiffs may be provided in the context of the new administrative appeal Plaintiffs have initiated; b) a substantial number of factual issues exist that will be addressed when an agency decision is final; c) plaintiffs have experienced no immediate and significant hardships, i.e. all collection efforts have stopped pending disposition of any appeal filed; and d) the court would benefit from delaying judicial review for further factual developments of the issues. In summary, Defendants contend that the administrative appeal initialed by Plaintiffs concerning O&M assessments must be allowed to reach a final agency decision.

Fourth, Defendants argue that Plaintiffs have failed to exhaust their administrative remedies. The basis for the exhaustion

ORDER OF DISMISSAL - 5

requirement Defendants state is to allow agencies to develop a complete factual record. Further, based on the Bureau of Indian Affairs' ("BIA") exhaustion rules, Defendants argue that their motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) should be granted because the Ninth Circuit has held such rules to be jurisdictional in nature. Defendants cite *Joint Bd. Of Control of Flathead, Mission and Jocko Irrigation Districts v. U.S.*, 862 F.2d 195, 199 (9th Cir. 1988) to support this argument.

Fifth, and last, Defendants assert that Plaintiffs' challenge to 25 C.F.R. §171 and the 1960 Memorandum is time-barred. As a general rule, Defendants correctly indicate, challenges to agency actions or administrative regulations are subject to a six year statute of limitations. 28 U.S.C. §2401(a). Defendants state there is no dispute that Plaintiffs' challenge to both the 1960 Memorandum, which dates from 1960, and the regulation, which dates from 1977, was well beyond the six year time frame. Ct. Rec. 14 at 17. Further, Defendants argue, Plaintiffs advance their challenge only on procedural grounds, alleging that the issuance of the 1960 Memorandum violated the APA and Freedom of Information Act ("FOIA") because the Department of the Interior never published a rulemaking notice, nor provided an opportunity for public comment. Id. at 18. Because Plaintiffs have challenged only the way in which they were promulgated rather than the substance of the rules, Plaintiffs' right of action accrued when the 1960 Memorandum was issued or when the 25 C.F.R. regulations were promulgated. Thus under the Ninth Circuit ruling in *Wind River Mining Corp. v. Lujan*, 946 F.2d 710 (9th Cir. 1991), these

claims are barred. Defendants further assert that even if Plaintiffs did make an "as applied" challenge, the Complaint alleges application of the 1960 Memorandum and regulation to YN occurred in the mid-1980's, still making their instant challenge well outside the six year statute of limitations period.

C.   Plaintiffs' Arguments

Plaintiffs' predominant theory in opposition to dismissal is language from the RD found in the March 12, 2001 decision stating that he did not have jurisdiction to address Plaintiffs' claim as to the validity of 25 C.F.R. Part 171 and the 1960 Memorandum. Plaintiffs argue that the agency action declining jurisdiction to decide whether BIA regulations and the 1960 Memorandum are invalid is final and there are no more administrative remedies for them to exhaust.

Further, Plaintiffs state that they are not barred by the statute of limitations because they seek a ruling that the substance of the agency actions in issuing the bills on 2000 and 2006 exceeded and was in violation of its statutory authority. In other words, Plaintiffs state that their claims accrued when the BIA sought to bill the Plaintiffs in 2000 and 2006 for O&M assessments. At issue here, according to Plaintiffs, is whether the Defendants can pass on the full cost of the project and seek reimbursement from the Plaintiffs for the 2000 and 2006 bills or assessments. Ct. Rec. 21 at 11.

As to subject matter jurisdiction, Plaintiffs argue that the court has jurisdiction because the APA waives sovereign immunity. As to ripeness, Plaintiffs argue that their claims are ripe because the issues are purely legal and the federal defendants have not ceased

assessing O&M charges despite pending appeals.  Additionally, Plaintiffs indicate that hardship to them would be significant if review is withheld by this court as the BIA has not ceased its O&M assessments and collections against them while the administrative appeals are pending, despite what Defendants have represented.[2]

### III.  ANALYSIS

The APA, as amended (5 U.S.C. §§701-706), waives federal sovereign immunity for judicial review of final agency action.  The Court has reviewed the parties' written arguments and finds that there is no final agency decision.  The IBIA has vacated the RD's 2001 decision and has remanded the matter back to the RD for further consideration and issuance of a new decision.  Further, the RD has not yet issued a decision on Plaintiffs' appeal of the 2006 assessments, filed with the IBIA.  The Court concludes that the vacating of the RD's decision and the rendering of a new decision may make further appeals to the IBIA and the Court's hearing of Plaintiffs' complaint in district court unnecessary.

The exhaustion rule allows an administrative agency to develop a complete factual record, to apply its expertise and discretion, and possibly to resolve the conflict without judicial intervention. B. Mezines, J. Stein and J. Gruff, 5 Administrative law § 49.01, pg. 49-3 (1988). Exhaustion insures that a court will have the benefit of the agency's experience in exercising administrative discretion, as well

---

[2] Plaintiffs state that in March 2006, while the 2000 and pre-2000 appeals were before the IBIA, the agency issued new O&M assessments to YN for the irrigation year 2006.  Ct. Rec. 21 at 8.

ORDER OF DISMISSAL - 8

as a factual record to review. Id. Courts pragmatically interpret administrative finality, considering "whether the process of administrative decisionmaking has reached a stage where judicial review will not disrupt the orderly process of adjudication and whether rights or obligations have been determined." *Port of Boston Marine Terminal Assoc. v. Rederiaktiebolaget Transatlantic*, 400 U.S. 62, 71, 91 S.Ct. 203, 209, 27 L.Ed.2d 203 (1970).

There are outstanding factual issues identified by the RD in the vacated decision and by Plaintiffs in their administrative appeal that strongly suggest this case is not ripe for review by this Court. For instance, the accuracy of ownership information on which the O&M assessments are based; whether assessments are made where WIP facilities cannot deliver water; and whether BIA failed to properly lease lands subject to O&M assessments or permitted trespass without a valid lease. The final agency decision will address these factual issues, based upon an administrative record developed on appeal. Premature judicial review would inappropriately interfere with agency action when it denies the agency the opportunity to apply its expertise and correct its own mistakes. *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 735 (1998).

The Court expresses no opinion regarding issues raised in this litigation which are beyond the scope of this order. Simply stated, given IBIA's remand order vacating the RD's 2001 decision, all discussions, including any comments on jurisdiction, stand as a nullity in Plaintiffs' administrative appeal. Moreover, a new decision by the RD may resolve some or all of Plaintiffs' issues and

make further appeal to the IBIA or this Court unnecessary or, at the very least, narrow the issues for review.

Finally, as to any alleged hardships suffered by Plaintiffs, the Court finds lacking any concrete proof of irreparable harm suffered in connection with the administrative remedy exhaustion requirement. The Court notes Defendants' representation that for any O&M assessments which have been appealed by Plaintiffs, all collection efforts have stopped pending disposition of any appeal filed.[3] Accordingly,

**IT IS ORDERED** that:

1. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, Ct. Rec. 12, filed October 18, 2006, is GRANTED. The claims are hereby dismissed without prejudice.

2. The District Court Executive is directed to:

    (a) File this Order;

    (b) Provide a copy to counsel of record; and

    (c) CLOSE THIS FILE.

**DATED** this 19th day of December, 2006.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

---

[3] Defendants represent that "it is neither the policy nor practice of the BIA to initiate collection activities after an appeal has been filed." Ct. Rec.23 at 9.

ORDER OF DISMISSAL - 10