UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION; CATHERINE SANCHEY WOLFSBERGER,<br><br>　　　　　　Plaintiffs,<br><br>　-vs-<br><br>UNITED STATES OF AMERICA; P. LYNN SCARLETT, Acting Secretary of the Interior; MICHAEL D. OLSEN, Acting Principal Deputy Assistant Secretary, Indian Affairs; WILLIAM PATRICK RAGSDALE, Director, Bureau of Indian Affairs; STANLEY SPEAKS, Northwest Regional Director, Bureau of Indian Affairs; PIERCE HARRISON, Administrator, Wapato Irrigation Project; U.S. DEPARTMENT OF THE INTERIOR; BUREAU OF INDIAN AFFAIRS; WAPATO IRRIGATION PROJECT,<br><br>　　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | NO.  CV-06-3032-LRS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

**BEFORE THE COURT** is the Plaintiffs' Motion for Reconsideration (Ct. Rec. 25), filed December 29, 2006 and noted for hearing without oral argument on January 29, 2007. Plaintiffs ask the court to reconsider its order granting defendants' motion to dismiss or stay the action.

Motions for reconsideration serve a limited function. Under the Federal Rules of Civil Procedure, motions for reconsideration may be made

ORDER DENYING MOTION FOR RECONSIDERATION - 1

pursuant to Rule 59(e). The major grounds for granting a motion to reconsider a judgment are: (1) intervening change of controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *School District No. 1J, Multnomah County Oregon v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). A motion for reconsideration is not appropriately brought to present arguments already considered by the Court. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985). Plaintiff does not argue that there has been a change of controlling law, or that new evidence is available, but expressly argues that the Court committed error of law or fact and reconsideration is necessary to prevent a manifest injustice. Ct. Rec. 46 at page 2.

Plaintiffs argue that the decision of the Court should be "reconsidered and set aside" or in the alternative, "the Court should stay this action pending the outcome of the administrative appeals before the BIA Regional Director." Ct. Rec. 26 at 5-6. Plaintiffs argue that this Court should "recognize that the RD's jurisdictional ruling on March 12, 2001 is final for purposes of APA judicial review." Ct. Rec. 26 at 3.

The facts indicate on July 12, 2006 the IBIA vacated the Regional Director's March 12, 2001 Decision and remanded the matter to him for further consideration and issuance of a new decision. Therefore, any findings in the vacated 2001 decision are a nullity. Where the RD has yet to issue a new decision there can be no finality as required under the APA. Therefore, Plaintiffs argument that a part of the ruling in the 2001 decision is final is unconvincing.

The undersigned judicial officer concludes that "clear error" did not occur in granting dismissal without prejudice to defendants, there is no "manifest injustice" to the plaintiffs from that ruling, and new evidence has not been presented which would change the Court's earlier order. According, there is no basis for reconsideration of the Court's December 19, 2006 Order of Dismissal.

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Motion for Reconsideration, **Ct. Rec. 25**, filed December 29, 2006 is **DENIED**.

2. The District Court Executive is directed to:

   (a) File this Order; and

   (b) Provide a copy to counsel of record.

**DATED** this 23rd day of February, 2007.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE